IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00145-KDB-DCK

| | |
|---|---|
| SHELLEY HOLCZER,<br><br>    Plaintiff,<br><br>    v.<br><br>LINCOLN NATIONAL CORPORATION AND LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>    Defendants. | <u>ORDER</u> |

**THIS MATTER** is before the Court on Defendants Lincoln National Corporation and The Lincoln National Life Insurance Company (collectively, "Lincoln")'s Motion to Dismiss (Doc. No. 13). The Court has carefully considered this motion and the parties' briefs and exhibits in support and in opposition to the motion. Because the Court finds that Plaintiff's claims are barred by an earlier class action settlement with respect to the wrongdoing alleged, the Court will **GRANT** the motion and dismiss this action.

## I.    LEGAL STANDARD

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the court has subject-matter jurisdiction to hear the dispute, *see* Fed. R. Civ. P. 12(b)(1), and Plaintiff bears the burden of proving that subject matter jurisdiction exists. *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "[F]ederal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir.

1

1998) (quotation omitted); *see Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is no presumption that a federal court has subject-matter jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Where applicable, governmental immunity bars a court from exercising jurisdiction over a complaint's causes of action subject to immunity. *See R.A. v. Iredell-Statesville Sch. Dist. Bd. of Educ.*, No. 520CV00192KDBSCR, 2023 WL 8461186, at *3 (W.D.N.C. Dec. 6, 2023) (citing *Bunch v. Britton*, 802 S.E.2d 462, 468 (N.C. Ct. App. 2017)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *see Twombly*, 550 U.S. at 555 (A claim will not survive a

motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements."). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted). In other words, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

### A. Plaintiff's Complaint

Plaintiff initiated this action on September 17, 2023, alleging that in 2016 Lincoln improperly increased the cost of insurance ("COI") rate on her late husband's JP Legend 300 life insurance policy (the "Holczer Policy"). (Doc. No. 1, ¶¶ 1, 8). Based on those allegations, she asserts claims for breach of contract (*id.* ¶¶ 77–84), breach of implied covenant of good faith and fair dealing (*id.* ¶¶ 85–89), declaratory relief (*id.* ¶¶ 90–93), and violation of the North Carolina "Deceptive and Unfair Trade Practices Act" (*id.* ¶¶ 94–99). Plaintiff has asserted these claims individually, and as the Administrator of her late husband's estate. (*Id.* at p. 1).

### B. The COI Class Actions

In 2016 and 2017, two separate consolidated class actions were brought against Lincoln alleging that, in 2016 and 2017, Lincoln improperly increased the Cost of Insurance ("COI") on certain policies, which led to the non-payment of increased premiums and the lapsing of policies. *See In re: Lincoln National COI Litigation*, Case No. 2:16-cv-06605-GJP (E.D. Pa.) (the "2016 Action") and *In re: Lincoln National 2017 COI Rate Litigation*, Case No. 2:17-cv- 04150-GJP

3

(E.D. Pa.) (the "2017 Action") (together the "COI Class Actions"). The COI Class Actions were ultimately consolidated for settlement purposes. (Doc. No. 14-1 at ¶ 1).

The 2016 Action included claims, among others, that in 2016 Lincoln improperly increased the COI rate on various policies, including the JP Legend 300 policy. (*See* Doc. No. 14-2 at ¶¶ 38–40). The Holczer Policy was among the policies subject to the 2016 Action. Also, as Plaintiff does here, plaintiffs in the 2016 Action, on behalf of the class, asserted claims against Lincoln for breach of contract (*id.* at ¶¶ 83–87), breach of the implied covenant of good faith and fair dealing (*id.* at ¶¶ 88–94), declaratory relief (*id.* at ¶¶ 104–107) and violations of the North Carolina "Deceptive and Unfair Trade Practices Act" (*id.* at ¶¶ 108–112).

## C. The Settlement Agreement and Settlement Class

On March 24, 2023, the parties in the COI Class Actions entered into a Joint Stipulation and Settlement Agreement (the "Settlement Agreement") resolving all claims that were brought, or could have been brought, in both cases. (*See* Doc. No. 14-3). The "Settlement Class" included "all Owners of Class Policies," and the definition of "Releasing Parties" under the Settlement Agreement included all Final Settlement Class Members, which are in turn defined as individuals in the Settlement Class. (Doc. No. 14-3 at §§ 1.22, 1.45, 1.50). The definition of "Releasing Parties" further included "beneficiaries" of the Final Settlement Class Members. (*Id.* at § 1.45). Plaintiff characterizes herself as the "primary beneficiary" under the Holczer Policy (Doc. No. at ¶ 15).

In the Settlement Agreement, the Class Members (including their agents, heirs, representatives, executors and other representatives) released Lincoln "from any and all claims arising out of or otherwise relating to their assertion of claims against [Lincoln] in the" COI Class Actions. (*Id.* § 4.3). The Settlement Agreement stated that "[a]ny Settlement Class Member"—

a term that includes all owners of JP Legend 300 policies subjected to the 2016 COI rate increase—"that does not file a timely written Opt-Out Request in accordance with Section 6 of this Agreement and is not excluded from the definition of Final Settlement Class Members under Subsections 1.22(b)-(f) shall be bound by all subsequent proceedings, orders, and judgments in the Actions." (*Id.* § 6.7).[1]

The Settlement Class specifically includes the Holczer Policy. Exhibit B to the publicly filed Settlement Agreement contains a list of all "Class Policies," as those are defined in paragraph 1.7 of the Settlement Agreement. (Doc. No. 14-3 at § 1.7). The Holczer Policy – policy number JP5261213 – is identified on line 17334 of Exhibit B.[2] (*Id.* at p. 169). On June 14, 2023, the court overseeing the COI Class Actions preliminarily approved the Settlement Agreement. (Doc. No. 14-1 at ¶ 2).

D.   **Class Notice**

Following preliminary approval of the Settlement Agreement, a Class Notice approved by the court was mailed to Class Members at each Class Member's address of record in Lincoln's

---

[1] The Settlement Agreement also included several releases, such as: "The Releasing Parties [Plaintiffs and Final Settlement Class Members] expressly agree that they shall not now or hereafter institute, maintain, assert, join, or participate in, either directly or indirectly, on their own behalf, on behalf of a class, or on behalf of any other person or entity, action or proceeding of any kind against the Releasees [Lincoln] asserting Released Claims [claims asserted in the COI Class Actions or that could have been asserted in the COI Class Actions]." (Doc. No. 14-3 at § 4.2).

[2] The Complaint does not identify the policy number for Mr. Holczer's JP Legend 300 life insurance policy. However, because the policy is referenced in, and central to, Plaintiff's Complaint, Lincoln is entitled to use and rely on the Holczer Policy for purposes of its motion to dismiss, without the Court converting the instant motion into a motion for summary judgment. *Brown v. Inst. For Family Centered Servs., Inc.*, 394 F. Supp. 2d 724, 728 n.2 (M.D.N.C. 2005); *see* Doc. No. 14-4 (attaching portion of the Holczer Policy sufficient to identify the applicable policy number).

policy administration system, on or about July 5, 2023. (*See* Doc. No. 14-5). The Class Notice stated that a proposed settlement had been reached in the COI Class Actions, (*Id.* at p. 6), and described each class member's four options: (1) do nothing and be bound by the settlement; (2) ask to be excluded from the class and the settlement (i.e., "opt-out") by August 21, 2023; (3) serve his or her own individual lawsuit concerning the cost of insurance increase at issue by August 21, 2023; or (4) file an objection to the settlement with the court by August 21, 2023. (*Id.* at p. 7). No opt-out request or objection to the settlement was submitted with respect to the Holczer Policy, and Lincoln was not served with an individual suit concerning the Holczer Policy on or before August 21, 2023.

### E.     Final Approval and Judgment

The court held a Fairness Hearing in the COI Class Actions on October 4, 2023 and the next day certified the Final Settlement Class and finally approved the COI Class Action Settlement, which included the Holczer Policy. (Doc. No. 14-6 at ¶¶ 3, 5). Then, on October 6, 2023, the court issued an Order and Judgment dismissing the COI Class Actions with prejudice. (Doc. No. 14-7). The Order and Judgment included provisions that it, "operate[s] as a complete and permanent bar order that discharges and releases the Released Claims by the Releasing Parties as to all the Releasees" and "the Releasing Parties shall be deemed to have … fully, finally, and forever released, relinquished, and discharged the Releasees of and from all Released Claims including Unknown Claims, which are expressly deemed waived and released by operation of this Final Judgment." (*Id*. at ¶¶ 4–5).

### III.     DISCUSSION

Defendants move to dismiss Plaintiff's claims as barred and released by the settlement of the COI Class Actions, as described above. In response, Plaintiff agrees that any claims she brought in her capacity as Administrator of her husband's Estate cannot continue. *See* Doc. No. 19 at 2-3.

("[t]he Estate concedes to Defendants' argument that the Estate is subject to the class action lawsuit" and the Estate "fail[ed] to opt out of the class action prior to August 21, 2023 as ordered by the Court (in PA)." Therefore, the Court will dismiss the Complaint as it relates to claims by the Estate.

Plaintiff's individual claims meet the same fate. As to those claims, Plaintiff argues that as a "beneficiary" rather than an "owner" of the Holczer Policy she was not part of the settlement class and is not bound by the settlement. However, as noted above, the beneficiaries of insurance policies subject to the settlement are included within the definition of "Releasing Parties." Therefore, because Mrs. Holczer did not opt out of the settlement, Plaintiff is bound by the settlement as a Releasing Party as a "beneficiary" just as she would be if she was the owner of the policy.

Plaintiff also argues that her claims, at least in part, relate only to her pursuit of unpaid "death benefits" under the Holczer Policy and therefore fall outside the settlement. However, the Complaint makes clear that the grounds for her claim for "death benefits" are her allegations that "[t]he 2016 COI rate increase has materially violated the policy," which in turn resulted in the policy lapsing and the death benefit not being paid. ("But for Defendants actions described herein, [the] Policy would not have gone into discontinued status in November 2021 and would have been in full effect well after Decedent's death on March 21, 2021.). *See* Doc. No. 1 at ¶¶ 80, 83-84. Accordingly, Plaintiff's claims are well within the broad definition of "Released Claims" subject to the settlement and related releases and cannot be maintained in this action.[3]

---

[3] Plaintiff in fact repeats her claims for declaratory relief and violations of the NCUDTPA almost verbatim from the allegations in the 2016 Complaint. (*Compare* Doc. No. 1, ¶¶ 91–93 (Plaintiff's claim for declaratory relief), *with* Doc. No. 14-2, ¶¶ 105–107 (2016 Complaint's claim

In sum, Plaintiff has not established plausible grounds for being permitted to bring her claims in light of the earlier settlement of the COI Class Actions.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 13) is **GRANTED**; and
2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 16, 2024

Kenneth D. Bell
United States District Judge

---

for declaratory relief); Doc. No. 1, ¶¶ 97–98 (Plaintiff's claim under the NCUDTPA), *with* Doc. No. 14-2, ¶ 110 (2016 Complaint's claim under the NCUDTPA)).